IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA
CASE NO:   24-mj-8124-WM

UNITED STATES OF AMERICA

v

CHRISTOPHER SCHWEIKART
_____/

### DEFENDANT CHRISTOPHER SCHWEIKART'S RESPONSE TO THE GOVERNMENT'S MOTION TO AMEND PROTECTIVE ORDER

COMES NOW, Defendant, CHRISTOPHER SCHWEIKART ("SCHWEIKART"), through undersigned counsel, pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, and hereby responds the Government's Motion to Amend Protective Order ("Motion") [DE 21].

From the outset, defense acknowledges the following ministerial mistake was made by defense in its Motion for Protective Order: counsel forgot to include the Veterans Affairs Administration ("VA") as an affected party in its Motion, but did include the VA in defense's proposed Order. Counsel apologies. Defense stands by its positions.

Defense maintains that this Court should deny the Government's Motion and not Amend the currently existing Protective Order [DE 17] as it relates to the VA, Palm Beach County Sheriff's Office ("PBSO"), which runs the Palm Beach County Jail ("PBCJ"), and the Bureau of Prisons ("BOP") that they: (1) not disclose to the prosecution or any Department of Justice employee, the mental health evaluations conducted on Defendant after his  arrest on March 16, 2024. The VA, PBSO,  PBCJ, and BOP should maintain said mental health evaluations outside of SCHWEIKART's central inmate files.

1. Defendant was arrested on March 16, 2024, and charged by Criminal Complaint, with First Degree Murder Within the Special Maritime or Territorial

1

Jurisdiction of the United States, contrary to 18 U.S.C. 1111 [DE 1]. SCHWEIKART, according to the Penalty Sheet [DE 1, page 7], is facing a maximum punishment of the death penalty and a minimum term of life imprisonment. Arraignment is scheduled on August 26, 2024.

2. The homicide in this case occurred at the Veterans Affairs Medical Center in West Palm Beach, Florida, within the Southern District of Florida.

3. SCHWEIKART is currently housed in the PBCJ Mental Health Unit. During SCHWEIKART's intake process at the PBCJ and during his confinement in the PBCJ Mental Health Unit, his mental health observations, notes, reports, evaluations, information, and the like (collectively "Evaluations") continue to be generated concerning SCHWEIKART's mental health.

4. It is anticipated that after SCHWEIKART is Arraigned on April 26, 2024, BOP will transfer SCHWEIKART to the Federal Detention Center Miami, or another BOP facility as BOP determines appropriate.

5. Although defense counsel for SCHWEIKART has not yet seen his evaluations, there is a high likelihood that such evaluations may be used against him. The PBCJ has an intake process wherein every new arrestee undergoes an intake conference wherein mental health issues are discussed. The PBCJ has conducted evaluations while SCHWEIKART has been an inmate housed in the PBCJ Mental Health Unit, he was observed continually, contemporaneous notes are kept on his actions, and the like.

6. Furthermore, once SCHWEIKART is moved from the PBCJ to BOP, he will be required to undergo additional intake interviews, observations, notes, and the

like type of mental health process/evaluations. Defense counsel fears these evaluations may be used in furtherance of obtaining a guilty verdict and thereafter, a possible death sentence.

7. The prosecution has no legal right to examine the VA, PBCJ and/or BOP evaluations. To date, all PBCJ and/or BOP evaluations have been conducted without notice to defense counsel and without notice that the subject evaluations may be used against him in his pending case. At this early stage, there is no reason to provide the Government Defendant's mental health records. Short of asserting mental health defense, the Government has no entitlement to the subject evaluation materials. There is no question that the prosecution would not be entitled to use the evaluations or any of SCHWEIKART's statements at a future trial on the question of either guilt or punishment. *Estelle v Smith*, 451 U.S. 454, 467-68 (1981). The subject evaluations implicate both Fifth and Sixth Amendment concerns. *Id*. at 465, 469-71, 473. SCHWEIKART does invoke and not waive his right to remain silent under the United States Constitution. Additionally, SCHWEIKART invokes his right to remain silent based upon counsel's advice under the United States Constitution.

8. Federal Rule of Criminal Procedure 12.2 establishes the procedure for examinations that may be used at trial, which balances SCHWEIKART's constitutional right against compelled disclosure with fairness to the government when a defendant will seek to use the results of such evaluations. The purpose of F. R. Cr. P. 12.2 is to secure SCHWEIKART's Fifth Amendment

right against self-incrimination.

9. It has been consistently recognized that the "qualitative difference between death and other penalties calls for a greater degree of reliability when the death penalty is imposed". *Lockett v Ohio*, 438 U.S. 586, 604 (1978).

10. It would violate fundamental fairness, due process, and equal protection if SCHWEIKART is subject to statements/interviews during his stay in the PBCJ and BOP concerning mental health evaluations that will compromise Defendant's inherent rights. Because SCHWEIKART faces a possible death sentence, the Court should ensure him heightened protections. The best and most efficient way to effectuate same is to order the VA, PBCJ, and BOP to not disclose any evaluations to anyone affiliated with the prosecution or government investigators, including the Department of Justice, and the Department of Veteran Affairs Office of Inspector General Inspector General. The Government has failed to produce any authority that specifically speaks to the issue before the Court. The authority the Government cites regarding certain allowed access to VA patient records is not on point. Same does not address the instant alleged conduct and consequences. Upon information and belief, the VA, PBCJ and BOP has not, at any time, read Defendant his *Miranda Warnings* prior to any mental health evaluation(s). Should the Government prematurely be privy to Defendant's mental health evaluations, same would violate the above case law and constitutional protections we all share. Defense admits, there may come a time in the future the Government will be entitled to view said mental health evaluations. But until Defendant makes his mental

state an issue in this case, the Government has no rights or ability to review Defendant's mental health evaluations.

11. The possibility of a death sentence requires defense counsel to retain experts to adequately prepare for not only the guilty phase but also any potential penalty phase. Counsel must ensure that such experts have sufficient information to form credible opinions. Some of this evidence comes from SCHWEIKART himself. Should the government know of each visit by a member of the defense legal team, the government gains an unfair advantage and same will have a chilling effect upon defense preparation.

12. Accordingly, SCHWEIKART's visitation log should not be seen by the Government as it pertains to members of the defense team and potential experts they may retain. The Motion does not seek to apply to general visitors.

13. Accordingly, SCHWEIKART requests this Honorable Court Deny the Government's Motion to Amend Protective Order [DE 21], not change any aspect of the Court's Order previously Granting same [DE 17], and keep in full force and effect said Order that sets forth the following protections:

    A. Absent further order of this Court, the VA, PBCJ, and BOP are prohibited from providing to federal prosecutors or investigators the original or copies of any information relating to mental health evaluations of SCHWEIKART conducted on or after March 16, 2024.

    B. Absent further order of this Court, the VA, PBCJ, and BOP be ordered not to place any mental health evaluation materials in SCHWEIKART "central inmate file".

C. Absent further order of this Court, the VA, PBCJ, and BOP be ordered not to disclose the existence of any such information regarding mental health evaluations of SCHWEIKART to federal prosecutors, investigators, or others working for the Government.

D. Absent further order of this Court, the VA, PBCJ, and BOP be ordered not to access SCHWRIKART'S visitor logs that contain members of the defense team and potential experts they may retain.

WHEREFORE, SCHWEIKART respectfully requests this Honorable Court deny the Government's Motion to Amend Protective Order for the reasons set forth in Defendant's Motion, Defendant's instant Response, and any arguments made at the hearing concerning this issue set on April 22, 2024.

### **CERTIFICATE OF SERVICE**

Counsel certifies a true & correct copy has been efiled into ECF on April 17, 2024.

| | |
|---|---|
| GERSHMAN & GERSHMAN | EDWARD D. REAGAN, P.A. |
| 2160 W. Atlantic Avenue, Second Floor | 658 West Indiantown Road |
| Delray Beach, FL 33445 | Jupiter, FL 33458 |
| Telephone: (561) 684-8898 | Telephone: (561) 832-7443 |
| robert@rglawfirm.us | edward.d.reagan@gmail.com |
| S//Robert Gershman | S//Edward Reagan |
| ROBERT S. GERSHMAN | EDWARD D. REAGAN |
| Fla. Bar No. 917397 | Fla. Bar. No. 0028215 |
| *Attorney for Defendant* | *Attorney for Defendant* |